# Frank Musser, by His Father and Next Friend, Isaac Musser, *v.* The Lancaster City Street Railway Company, Appellant.

*Negligence—Street railways—Breaking of wire cable.*

In an action against a street railway company to recover damages for personal injuries, it appeared that the plaintiff while walking on a public highway was injured by the breaking of a wire cable used by the defendant company to control the movements of its cars on a steep incline. There was evidence that the cable had been weakened by use and exposure; that it had once before broken, and that on the morning of the accident it had been hastily repaired and used without testing its strength. *Held,* that the evidence was sufficient to submit to the jury on the question of defendant's negligence.

*Practice, C. P.—Practice, S. C.—Assignment of error—Evidence.*

Where the objection to a question asked a witness is overruled, and the question is not insisted upon, and not answered, there is no foundation for an assignment of error to the action of the court in overruling the objection.

*Negligence—Street railways—Evidence.*

In an action against a street railway company to recover damages for injuries alleged to have been caused by a wire cable which had been improperly repaired, a witness was called who had assisted in the construction of some of the appliances of the railway, but of whose work no complaint was made, and who had nothing to do with repairing the cable. *Held,* that it was not error to refuse to permit the witness to say whether or not he had done his work properly.

*Negligence — Defective appliance — Notice to director of corporation — Evidence.*

In an action against a street railway to recover damages caused by a defective appliance, it is proper to admit the testimony of a witness to show that before the accident the witness had called the attention of a director of the company to the defective appliance.

Where an accident was caused by the defective splicing of a cable, a witness who had not seen the splicing done, or examined the cable after the splicing was done, and who had no knowledge of the subject, cannot be asked on cross-examination whether the splicing of the cable had been well done.

Argued May 20, 1896. Appeal, No. 252, Jan. T., 1896, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1892, No. 73, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BRUBAKER, J.

At the trial it appeared that on July 4, 1892, plaintiff was injured by the breaking of a wire cable used by the defendant company on a steep incline.

The facts of the case are stated in the opinion of the Supreme Court.

At the trial Henry Hall, a witness for the defendant, testified:

Q. You were a good man and skillful? A. I was considered so. Q. Did you do your work properly?

Objected to by the plaintiff's counsel. Objection sustained. Bill sealed. [1]

Edwin Westenberger, a witness for plaintiff, testified:

Q. Do you know A. E. Rohrer? A. Yes, sir. Q. Was he or not at that time a director of this company? A. Yes, sir. Q. Did you or not communicate to him the fact that there were worn places in the cable?

Objected to by the defendant's counsel. Objection overruled. Bill sealed.

A. Yes, sir. [2]

Cross-examined, he testified:

Q. Did you see it done? A. No, sir. Q. Were you there when it was done? A. No, sir. Q. Was it well done?

Objected to by the plaintiff's counsel. Objection sustained. Bill sealed. [3]

Allen A. Herr, called for the plaintiff, was asked whether in company with Michael Reilly, a director of this road, he went to Sutton's place to negotiate for the purchase of a portion of it, and while there in conversation Michael Reilly admitted that this hill was dangerous, and that the operation of cars on it in the manner they were operated was dangerous.

Objected to by the defendant's counsel. Objection overruled. Bill sealed. [4]

Plaintiff was asked this question:

Q. This business that you were engaged in was a dangerous business, wasn't it?

Objected to by the plaintiff's counsel. Objection sustained. Bill sealed. [5]

The court charged in part as follows:

[Corporations or persons undertaking to manage works ad-

joining a highway, as in this case, it can scarcely be doubted, are bound not to interfere with the safety of persons using the highway ; and in repairing or erecting premises, or in using or running machinery, where it is lawful to encroach on the highway, as it was in this case, during the progress of the work or use, such encroachment must be made with ordinary care, and any danger that might happen must be guarded against.] [7]

[The plaintiff claims that the weakness of the cable, by reason of its worn condition and its repair or splicing together on the morning of the accident, or the weakness of the loop made by the defendant or its agents, was the cause of its tearing apart and striking and injuring the plaintiff, which condition was known or ought to have been seen by the company, and that the accident was liable to flow from it. If this be true, if it has been proved to your satisfaction from the evidence submitted to you in this case, then your verdict should be in favor of the plaintiff.] [8]

There is no claim here that there was any gross negligence on the part of the company, because no one connected with this company—the directors are all our citizens—would have deliberately allowed any defect in this cable to occur. [And therefore there can be no gross negligence. There may be, however, a breach of duty on their part, and if you find there was such a breach of duty, then they are liable to the plaintiff in this case.] [9]  As I said before, the company is bound to guard only against every source of danger that they can foresee. They are not bound to do that which is impossible. They are not bound to see that which is invisible, but they are bound to take every precaution which is necessary for the running of their street railway in order to avoid accidents.

It is therefore, gentlemen, entirely for you to decide under all the evidence submitted to you in this case whether there has been a breach of duty on the part of the company. If you believe from the evidence that the servants of the company performed their duty on this occasion, as might be reasonably required of them under the circumstances, that is, without any greater want of care on the part of the defendant or its servants than was reasonably to be expected from persons of ordinary care and prudence in the situation in which the defendant found itself at the time of the accident, then the defendant would be entitled to your verdict.

[If, on the contrary, you should believe from the evidence that the street railway company defendant did not guard against the source of danger, that the danger could have been foreseen, whatever was the cause of the accident, in the use of this cable device, as explained to you, then the plaintiff is entitled to your verdict, if his own negligence did not contribute in any manner whatever or in the slightest degree to the injury.] [10]   If his own negligence contributed in the slightest degree to the injury, he is not entitled to a verdict in this case.   This is the first question for you to decide, whether the plaintiff has been guilty of contributory negligence, as I have explained to you in this case.   If you find that he has been guilty of negligence, then you need go no farther.   If you find that the defendant has been guilty of a breach of duty (such a breach of duty as I have explained to you constitutes negligence) then the question of damages comes before you for your consideration.   Upon that point the law is that the plaintiff can only recover such damages as naturally flow from and are the immediate result of the act complained of.   [Much must be left to your sound discretion when you come to pass upon the evidence and consider what amount of damages the plaintiff ought to have, in case you find the defendant guilty of negligence.   Our Supreme Court have said : " Any rule that judicial research and experience may suggest must necessarily be more or less vague and leave much to the sound discretion of the jury." ] [11]

Defendant's point and answer were as follows :

5. If the jury believe from the evidence that the defendant had no cause or reason to expect such an injury as that which occurred to the plaintiff on July 4, 1892, and as the use of the cable and road was lawful, the verdict must be for the defendant.   *Answer :* That point we affirm.   The question of negligence of the defendant or its employees, however, is for you to ascertain from all the evidence under the instructions I have already given you, and if you find the accident was not caused by the negligence of the defendant or its employees, then you should find for the defendant. [6]

Verdict and judgment for plaintiff for $15,541.   Defendant appealed.

*Errors assigned* were, (1–5) rulings on evidence, quoting the bills of exceptions ; (6–11) above instructions, quoting them.

*Geo. Nauman*, with him *H. M. North* and *B. F. Eshleman*, for appellant.—The representations, declarations and admissions of the agent of a corporation stand upon the same footing with those of the agent of an individual.  To bind the principal they must be within the scope of the authority confided to the agent, and must accompany the act or contract which he is authorized to do or make: Simon v. R. R., 173 Pa. 517; Angell & Ames on Corporations, sec. 309; Stewart v. Huntington Bank, 11 S. & R. 267; Sterling v. Marietta Co., 11 S. & R. 179; Westmoreland Bank v. Klingensmith, 7 Watts, 523; Harrisburg Bank v. Tyler, 3 W. & S. 377 ; Bank of Northern Liberties v. Davis, 6 S. & R. 285; Farmers' Bank v. McKee, 2 Pa. 321; Hackney v. Allegheny M. I. Co., 4 Pa. 185; Spalding v. Bank, 9 Pa. 28.

The mere admissions of a director or stockholder of a corporation are not, it seems, evidence against the corporation, even though they cannot be compelled to testify on account of their interest: 1 Greenleaf on Evidence, sec. 113; 1 Wharton on Evidence, sec. 261; Turnpike Co. v. Thory, 13 Conn. 173; Bank v. Hart, 3 Day (Conn.), 494; Osgood v. Manhattan Bank, 3 Cowen, 623; Polleys v. Ins. Co., 14 Me. 141; Ruby v. Abyssinian Soc., 15 Me. 306; Bank v. Houlton, 21 Me. 507; Bank v. Norton, 1 Hill (N. Y.), 579; Holman v. Bank, 12 Ala. 369.

The charge of the court was inadequate, indefinite, contradictory and unintelligible to a jury: Kauss v. Rohner, 172 Pa. 489; Kieffer v. Hummelstown, 151 Pa. 304.

No human being could have anticipated that the cable, instead of going down into the field, would break at the sheave and coil and roll along the track west of the sheave.   Such an accident had never before happened anywhere, and as the defendant followed a successful example, employed competent and skillful workmen, and adopted the best known methods, it could not be responsible for what could not have been foreseen: Yoders v. Amwell Twp., 172 Pa. 447 ; Sturgis v. Kountz, 165 Pa. 358; Behling v. Pipe Line, 160 Pa. 359; Ry. v. Trich, 117 Pa. 390; Wood v. P. R. R., 4 Dis. 119; Forrest v. P. W. & B. R. R., 6 Del. 170.

*W. U. Hensel*, with him *J. Hay Brown*, for appellee.—Notice

to a director is notice to the company: Eggleston v. Columbia Turnpike R. R., 82 N. Y. 278; Graybill v. Penna. Twp. Fire Association, 170 Pa. 80; Simon v. R. R., 173 Pa. 517.

Street railways and travelers have concurrent rights on streets, and passenger railways must take proper precaution to protect life and property: Johnson v. Ry., 160 Pa. 650; Dunseath v. Traction Co., 161 Pa. 124; Ehrisman v. East Harrisburg Ry., 150 Pa. 180; Bradbury v. Kingston Coal Co., 157 Pa. 231.

The question of whether the appearance of machinery would suggest to a prudent man the necessity of an examination is for a jury to determine: Goodsell v. Taylor, 4 L. R. A. 673.

There was no testimony whatever of contributory negligence; no such question was raised, and, therefore, even if the plaintiff's testimony was explicitly denied, there was a question to go to the jury: Harkins v. Traction Co., 173 Pa. 150; Burrell Twp. v. Uncapher, 117 Pa. 363; Jackson Twp. v. Wagner, 127 Pa. 184; Hogan v. West Mahanoy Twp., 38 W. N. C. 105; Specht v. Pa. R. R., 7 Pa. C. C. 54; W. C. & P. R. v. McElwee, 67 Pa. 314; P. R. R. v. Henderson, 51 Pa. 320; McKee v. Bidwell, 74 Pa. 218; Cauley v. P. C. & St. L. R. R., 95 Pa. 398.

OPINION BY MR. JUSTICE FELL, July 15, 1896:

The plaintiff while walking in the public highway was injured by the breaking of a wire cable used by the defendant company to control the movements of its cars on a steep incline. There was evidence that the cable had been weakened by use and exposure, that it had once before broken, and that on the morning of the accident it had been hastily repaired and used without testing its strength. This evidence was clearly sufficient to take the case to the jury, and we see no error in the manner in which it was submitted or in the rulings upon the offers of testimony.

The fourth assignment of error, to which the appellant's argument is mainly directed, has no foundation on which to stand. The question objected to and allowed was intended to show a declaration by a director of the company that the manner in which the cars were operated was dangerous. The question however was not insisted upon, and was not answered. The

witness's testimony was confined to what he had seen, the breaking of the cable on a previous occasion, and there is nothing in the record to which the argument applies. The witness Hall, who was not allowed to say whether he had done his work properly, had not repaired or adjusted the cable. He had assisted in the construction of some of the appliances. No complaint was made of his work, it was in no manner connected with the breaking of the cable, and whether it was well done was unimportant. There was no error in admitting the testimony of Westenberger to show that before the accident he had called the attention of a director of the company to the weakened condition of the cable, and had pointed out to him the apparent defects, or in overruling the question asked this witness on cross-examination whether the splicing of the cable had been well done. He had not seen it done, and it did not appear that he had examined it after it was done, or had any knowledge of the subject.

It is unnecessary to refer in detail to the numerous assignments of error. The negligence alleged was not in the plan of operation, but in allowing the cable to become torn and detached from the car. The plaintiff's proof was that the cable was defective, that the defects were apparent and known to the executive officers of the company; that it had broken before, and on the morning of the accident had been spliced and attached to a heavily loaded car and put in use without a test and without notice to persons passing on the highway. It was not an answer to this to say that an improved method for controlling the movements of the cars had been adopted and skillful mechanics employed to construct the appliances. Whether there was reason to anticipate such an accident as that which resulted in the plaintiff's injury was for the jury. The learned judge properly declined to give binding instructions on the subject, and submitted it in a manner of which the defendant has no just cause of complaint.

The judgment is affirmed.