**Commonwealth v. Kyles**

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth.

*Harold L. Randolph,* of *Nix & Randolph,* for defendant.

CAMPBELL, P. J., April 17, 1973.—Charles Francis Miller, a Penn State student, was killed on September 23, 1967. Defendant was charged with his murder six days later.

More than five years after the incident, this court is now faced with a most unusual situation. A motion to quash the indictment has been filed alleging defects in the preliminary hearing. To fully understand the problem a chronology of the trial proceedings is necessary.

Extensive extradition proceedings took place in Maryland following defendant's arrest and he was finally returned to this county on or about June 20, 1968. He was bound over to this court following a preliminary hearing on June 25, 1968. On August 14, 1968, defendant filed a petition for writ of habeas corpus asking to be discharged from custody for the reason that the evidence presented at the preliminary hearing was insufficient to make a prima facie case against him. A hearing on the writ was continued from time to time and, while pending, defendant was indicted by the grand jury on September 30, 1968.

On January 24, 1969, defendant's petition for writ of habeas corpus was refused by this court. Defendant promptly appealed to the Supreme Court of Pennsylvania, which court on May 2, 1969, quashed the

appeal on the grounds that the same was interlocutory; and since the appeal to the Supreme Court was allowed to act as a supersedeas, defendant's trial was delayed.

On May 27, 1969, defendant filed a second petition for writ of habeas corpus, again alleging the defects in the preliminary hearing. Instead of correcting any alleged defects and affording defendant a due process preliminary hearing, the Commonwealth chose to rely on the validity of the preliminary hearing of June 25, 1968, and defendant was forced to go to trial. A jury found him guilty of second degree murder on June 9, 1969.

Defendant filed a timely motion for a new trial. The matter was repeatedly listed for argument and, through no fault of the court or the Commonwealth, the matter was delayed until August 31, 1972, when this court granted defendant a new trial by reason of certain trial errors.

It is particularly significant that one of the reasons advanced for the granting of a new trial was the defective preliminary hearing, thus raising the issue for the third time. We considered it and granted defendant relief by ordering a new trial based on this and other trial errors.

There is now before this court a petition to quash the indictment, alleging for the fourth time the defects in the preliminary hearing filed October 12, 1972.

Defendant was incarcerated from September 23, 1967, until June 22, 1972, when he was released on $25,000 bail.

It should be apparent to all that the matter raised in the present petition to quash the indictment should have been disposed of preliminarily and certainly prior to trial. If this had been done, this case would not now be in such embarrassing posture. Hindsight causes us to regret that we did not insist on the correction of the

defect in the preliminary hearing when originally presented, especially since the Supreme Court held the same to be interlocutory.

Let us now look at the transcript of the preliminary hearing. It reveals that several witnesses appeared and established the corpus delicti. Without quoting the transcript verbatim, it then clearly indicates that defense counsel demanded that one Frederick Robbins, the only person who could place defendant at the scene of the crime, be produced by the Commonwealth to afford his client the right to confront the accuser. The justice of the peace who had previously held a preliminary hearing in which Frederick Robbins was charged with being an accessory after the fact of the murder, and having knowledge of a statement made by him, announced that he had sufficient knowledge of the matter to indicate a prima facie case and, therefore, bound defendant over to this court. We have previously held this to be error and do so again. We have considered the following legal principles:

A court should not sustain a motion to quash an indictment except in a clear case where it is convinced that harm has been done to the defendant by improper conduct that interfered with his substantive rights: Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382 (1956).

A preliminary hearing is a critical stage in the criminal process: Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999 (1970).

Objections to irregularities, defects or omissions in a preliminary hearing must be timely made and before an indictment is found: Commonwealth ex rel. Thompson v. Hendrick, 202 Pa. Superior Ct. 207 (1963).

Defects or irregularities in a complaint are waived by posting bail, pleading to the indictment and going

to trial, and such waiver is effective as to all subsequent trials: Commonwealth v. Murray, 217 Pa. Superior Ct. 307 (1970).

Where a defendant has entered a plea, he cannot thereafter object to defects in the indictment or prior proceedings: Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382 (1956); appeal dismissed, 389 Pa. 109.

We cannot criticize defendant for not being timely and diligent in challenging the regularity of the preliminary hearing. Notwithstanding defendant's diligence and the defective preliminary hearing, we are convinced that defendant's petition should be denied. He has already been granted appropriate relief by the awarding of a new trial. The very witness which defendant contends should have appeared at the preliminary hearing to afford a confrontation and to give the opportunity for cross-examination testified against defendant at his first trial. There, he was confronted by Mr. Robbins, who was subjected to intensive and grueling cross-examination.

If the defective preliminary hearing caused any harm, prejudice or interference with defendant's constitutional rights, such could only be applicable to his first trial, which we have set aside.

It would serve no useful purpose to go back now and conduct a new preliminary hearing. It would be an exercise in futility. We cannot conceive that under the present circumstances our system of criminal jurisprudence would require the performance of a completely useless act.

## ORDER

And now, April 17, 1973, defendant's motion to quash the indictment is refused and defendant is ordered to appear for trial at the direction of the district attorney.