## Commonwealth v. Blakeslee

*Patrick Carmody, assistant district attorney,* for the commonwealth.

*William Cooper,* for defendant.

GAVIN, *J.,* September 25, 1989 — On the evening of December 9, 1988 and the early morning hours of December 10, 1988 the paths of Judy Mulryne and defendant crossed. Ms. Mulryne had left her place of employment, Whitehorse Farms, Phoenixville, with the intention of traveling to the Harleysville Hotel in Harleysville, Montgomery County to meet her boyfriend, Dennis Dougherty. Mr. Dougherty was employed as a truck driver and as his place of employment was nearby the hotel, it was a convenient meeting place.

During the course of the evening, defendant and one Bob Szakal were also present in the bar. Messrs. Szakal and Blakeslee knew Mr. Dougherty as they

were, or had been, employed in the trucking industry also. During the course of the evening the aforementioned individuals had alcoholic beverages to drink and engaged in conversation with each other. About 10:00 p.m., Mr. Dougherty determined to leave the bar and exited same ahead of Ms. Mulryne. Apparently due to a misunderstanding, if not outright disagreement, Ms. Mulryne did not exit the bar until after Mr. Dougherty had left the parking lot in his vehicle. At first Ms. Mulryne indicated that she intended to walk back to the Phoenixville area, but was persuaded from doing so by Mr. Szakal. Mr. Szakal offered to transport Ms. Mulryne to her residence and was seconded in that offer by defendant.

When the threesome left the parking lot, defendant was driving the vehicle, but mindful of licensing problems, defendant quickly stopped the vehicle and Mr. Szakal took over as driver. The testimony of the victim, Mr. Szakal and defendant are essentially in agreement up to this point. However, the description of the ride home varies significantly, depending on who is relating the events. Ms. Mulryne asserted that the defendant, contrary to her wishes, made certain sexual advances which culminated in her being forcibly raped. Defendant indicated that Ms. Mulryne instituted the sexual activity and consented to intercourse. Mr. Szakal was a reluctant and hesitant witness who did his best to extricate defendant from the current charges through his testimony. He confirmed that sexual activity had occurred but was unable or unwilling to assert who had initiated same or whether same was voluntary or involuntary. In contrast to his trial testimony, Mr. Szakal had previously indicated (December 14, 1988) to Trooper Brose, that Ms. Mulryne had repeatedly requested defendant to cease his sexual

advances, that defendant had directed him to stop the vehicle as "this bitch is going to fuck" and that during the act of intercourse Ms. Mulryne was asking to be released from the vehicle.

Following a jury trial defendant was convicted of rape and indecent assault. Defendant timely filed post-trial motions in arrest of judgment and for a new trial.

## LEGAL ISSUES

Defendant has cited eight gounds in support of his motions, all of which essentially boil down to the following arguments: that the verdict was against the weight of the evidence because Ms. Mulryne had engaged in consensual sexual foreplay up to a point where it was *biologically impossible* for defendant to desist; and that the verdict was contrary to the law because the law to date makes no provision for bifurcating the issue of consent. In ruling on a motion in arrest of judgment the trial court shall view the evidence in a light most favorable to the commonwealth which is entitled to all reasonable inferences arising therefrom. *Commonwealth v. Meadows,* 471 Pa. 201, 205, 369 A.2d 1266, 1268 (1977).

"In order for a trial court to properly grant a criminal defendant's motion to arrest of judgment on the ground of insufficient evidence, 'it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed [the verdict could properly have been based], it would be nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant] is guilty of the crime charged.'" *Id.* at 205-6, 369 A.2d at 1268, quoting *Commonwealth v. Blevins,* 453 Pa. 481, 483, 309 A.2d 421, 422 (1973). Like-

wise, in considering a motion for new trial the trial court shall view the evidence in a light most favorable to the prosecution, 10A P.L.E. Criminal Law §799, at 496-97, citing *U.S. v. Clark,* 294 F.Supp. 1108 (1968), aff'd 425 F.2d 827 (1970), cert. denied 400 U.S. 820, 91 S.Ct. 38, 27 L.Ed. 2d 48 (1970). However, the grant or denial of a motion for new trial is a matter lying in the sound discretion of the trial judge. *Commonwealth v. Remo,* 202 Pa. Super. 204, 195 A.2d 866 (1963); see also, 10A P.L.E. Criminal Law §771-2, at 453-5.

This case involves a slight deviation from what is generally encountered in rape cases. Generally speaking, the victim testifies to her unwillingness to participate and (in cases similar to this) the defendant asserts that the conduct was consensual. During the course of their deliberations, the jury sent out a note which read in pertinent part, "How far can a woman go before she says stop and it be rape?" Defendant asserts that his question indicates that the jury believed that Ms. Mulryne had instituted and/or voluntarily engaged in sexual foreplay and that having once opened the floodgates of passion, ought not to be permitted at the moment defendant was biologically ready, to close them by simply saying "no." Unfortunately, we will never know if that is truly what the jury was thinking or if there was another reason for the question. I answered the question by repeating the definition of rape. Counsel has not cited me any authority for his position other than the opinion of my brother Wood in *Commonwealth v. Tyndall,* 35 Chester L. Rep. 125 (1987). *Tyndall* is so factually inapposite as to be of no assistance in this matter.

Defendant asserts that the verdict is contrary to the law because the law to date makes no provision for bifurcating sexual foreplay from consummation

of the sexual act. Therefore, defendant argues, Ms. Mulryne lacked the right to change consensual sexual foreplay to non-consensual sexual intercourse once defendant's biological drives took hold of him. Even accepting defendant's assertion that the question from the jury indiciates that the jury believed defendant's testimony that Ms. Mulryne had instituted and/or voluntarily engaged in sexual foreplay, the law does not require the jury to find that the alleged victim could not withdraw her consent at some later point in the sexual encounter.

The Pennsylvania Suggested Standard Criminal Jury Instructions 15.3121A,[1] as utilized in this court's initial instructions to the jury[2] and repeated in the court's later response to the jury's note, clearly bifurcate the question of consent at the moment of penetration. The law, as thus stated to the jury, is consistent with Pennsylvania statutory

---

1. 15.3121A (Crim.) provides in pertinent part:

"(1) In order to find the defendant guilty of rape you must be satisfied that the following three elements have been proven beyond a reasonable doubt:

"First, that the defendant engaged in sexual intercourse with _____, a woman;

"Second, that_____was not the spouse of the defendant; and

"Third, that the defendant engaged in the intercourse by forcible compulsion or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

"(2) To constitute sexual intercourse, there must be some penetration however slight (of the female organ by the male organ) . . .

"(4) [F]or there to be rape, . . . the woman must be unwilling and the man must compel the intercourse. The man must have intercourse without the consent of the woman and he must employ force or threat of force that are sufficient, in the particular circumstances, to induce the woman to submit without further resistance and to establish that the woman is not consenting." Pa. SSJI (Crim.) 15.3121A.

2. At trial the initial instructions to the jury set forth the suggested charge in its entirety, see Pa. SSJI (Crim.) 15.3121A.

law (18 Pa.C.S. §3121(1)(2)) and follows the majority rule of those courts which have dealt with similar jury questions. See 75 C.J.S. Rape §11: "where the female consents, but then withdraws her consent before penetration and the act is accomplished by force, it is rape." Citing *State v. Auld*, 2 N.J. 426, 67 A.2d 175 (1949). See also, *Battle v. State*, 287 Md. 675, 414 A.2d 1266 (1980); *People v. Vela*, 172 Cal. App. 3d 237, 218 Cal. Rptr. 161 (1985). (Where the victim consents during preparatory acts but withdraws consent immediately before penetration and communicates withdrawal of consent to the other person, the subsequent penetration of the female organ by the male organ, against the female's will, is rape.) The charge given to the jury in the present case clearly stated for the jurors the relevant principles of law, and properly instructed the jurors to follow the suggested interpretation of the statutory requirements regarding consent, forcible compulsion and sexual intercourse.

As to defendant's argument that the verdict was against the weight of the evidence, it is of no importance that neither side presented the facts as a case of initial consent followed by change of mind and withdrawal of consent. "The factfinder is free to believe all, part, or none of a defendant's testimony." *Commonwealth v. Sirbaugh*, 347 Pa. Super. 154, 165, 500 A.2d 453, 458 (1985), citing *Commonwealth v. Hinchcliff*, 479 Pa. 551, 338 A.2d 1068 (1978), cert. denied, 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 663 (1978). It would clearly have been reasonable for the jury to give credibility to only a portion of defendant's testimony, rejecting the credibility of defendant's factual testimony in favor of the testimony of Ms. Mulryne as to events occurring later that evening.

Finding no merit in defendant's motions I enter the following

ORDER

And now, September 25, 1989, defendant's motions in arrest of judgment and for new trial are hereby denied.

The Adult Probation Department of Chester County is directed to prepare a pre-sentence investigation forthwith.

The Court Administrator's Office is directed to list this matter for sentencing within 10 days after notice that the pre-sentence investigation has been filed with the court.